Mr. Richard L. Peel Peel Law Firm 120 South Glenwood Avenue P.O. Box 986 Russellville, AR 72811
Dear Mr. Peel:
You have requested an Attorney General's opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You state that your client, the Russellville School District, has received a request for various items of information and various records concerning a former employee of the school district who resigned from the district. You have provided me with copies of the records maintained by the school district that are responsive to the request, and have asked about the releasability of these records.
RESPONSE
The records you have provided me consist of five file folders, each of which contains some records that should be released and others that should not be released. It will therefore be necessary for me to discuss the releasability of each record or record-type. Before discussing the specific records, I must note that all of the records constitute either "personnel records" or "employee evaluation/job performance records." I will therefore begin by setting forth the standards for the releasability of both types of records.
Employee Evaluation/Job Performance Records
The FOIA does not define the term "employee evaluation or job performance record," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055. Under the FOIA's applicable standard, employee evaluation/job performance records are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). This three-part test presupposes that the employee in question was suspended or terminated. Therefore, if an employee was not suspended or terminated, that employee's employee evaluation/job performance records cannot be released.
Personnel Records
Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed above) that relate to the individual employee. See, e.g.,
Ops. Att'y Gen. Nos. 2003-055; 2002-085; 2001-154; 99-147. Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12). This standard will apply even though the personnel records have become a part of the police investigation file. They do not lose their character as personnel records. See Op. Att'y Gen. No. 2000-257.
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-201; 2001-101; 98-001. It should be noted that the fact that the employee may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 2003-033; 2001-112, 94-198, 94-178 and 93-055; J. Watkins, The Arkansas Freedom ofInformation Act (3rd Ed. 1998) at 126.
The Particular Records
In my opinion, the following records in the files you have provided constitute employee evaluation records and should not be released because the former employee in question was not suspended or terminated:
 • The records entitled "Building Administrators — Russellville School District," reflecting the employer's comments on the employee's performance in various areas of employment. I note that I am including as a part of these records any responsive commentary written by the employee and addended thereto. My reasoning is that this responsive commentary, by its very nature refers to comments made in the evaluations. Releasing the responsive commentary would therefore defeat the purpose of withholding the evaluation itself.
• The letter of recommendation dated 12/12/90.
• The letter of recommendation dated December 19.
 • All records that were collected and created as a part of an internal investigation involving the former employee in question. It is my opinion that all of these records, with the exception of a set of minutes from a school board meeting (which is a public record and should be released), were created by or at the behest of the employer in connection with the investigation and therefore constitute employee evaluation/job performance records that should not be released.[1] Accord, Ops. Att'y Gen. Nos. 2003-201; 2002-085; 2002-055; 2001-276; 2001-217; 2001-153; 2001-144. For a discussion of records that are reduced to writing at the behest of an employer, see Op. Att'y Gen. No. 96-033.
In my opinion, the following records are exempt from disclosure under specific exemptions that are listed in the FOIA:
 • The employee's transcripts and other records reflecting grades or scores. See A.C.A. § 25-19-105(b)(2).
• Any records reflecting medical information. Id.
In my opinion, the following records in the files you have provided constitute personnel records and should be released (with redactions, which I will discuss below), because their release would not constitute a clearly unwarranted invasion of the former employee's personal privacy:
 • The records entitled "Russellville School District Teachers' Professional Growth Plan."
 • The records entitled "Evaluation Conference." These records do not constitute true evaluation records because they do not contain the employer's evaluation of the employee. Rather, they contain the employee's own evaluation of various aspects of the work environment.
• The 3-page record concerning the administrative salary schedule.
 • The letter dated Jun 17, 1999, notifying the Springdale School District of the employee's resignation from the Russellville School District.
• The copy of the employee's teacher's certificate.
 • The letter dated 5-25-95 from the employee, expressing an interest in a particular position.
 • The letter dated 11-30-93 from the employee, expressing an interest in a particular position.
 • The letter dated 9-22-93 from the employee, expressing an interest in a particular position.
• The employee's application for principalship, dated 12-10-90.
 • The record stating the employee's employment assignment, years of experience, basis of salary, and date of hire.
• The hand-written essay on school accountability.
• The employee's resume.
• The certificate reflecting the employee's evaluator training.
• The employee's diplomas.
 • The records reflecting the employee's environmental safety and compliance training.
Some of the above listed records contain specific items of information that are exempt from disclosure and that should be redacted before the records are released. The fact that a record may contain items of exempt information is not a valid basis for withholding the entire record from disclosure. A.C.A. § 25-19-105(f)(1). Each record should therefore be reviewed to determine whether it contains such specific items of information. For example, social security numbers should be redacted.See 5 U.S.C. § 552a, note. I notice that the former employee's social security number appears on more than one record, including his teacher's certificate. In addition, although the FOIA provides no specific exemption for school employees' home addresses, an argument could be made that the former employee's home address should be redacted from any records that are released. Such an argument would be based upon the Arkansas Supreme Court's decision in Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998). In that case, the court upheld a custodian's decision to withhold from release certain police officers' home addresses.[2] In upholding that decision, the Stilley court applied its traditional balancing test between the privacy interest and the public interest and concluded that the privacy interest outweighed the public interest. In reaching this conclusion, the court specifically considered the fact that where police officers are concerned, this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety. The same reasoning might apply to a public school employee — particularly if this employee is a principal or teacher.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] I note that a memorandum dated July 19, 1999 appears to have been included in this file by mistake. The memorandum relates to the contract of another employee.
[2] The FOIA has since been amended to provide a specific exemption for the home addresses of state and local non-elected employees. See A.C.A. § 25-19-105(b)(13).